[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14189
Non-Argument Calendar

_____

Agency No. A098-940-008

SEEMA PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 21, 2016)

Before HULL, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Seema Patel seeks review of the BIA's final order affirming the IJ's *in absentia* order of removal.  Specifically, Patel argues that the BIA violated her due process rights by failing to grant her an extension of time to file her brief, and in rejecting her late-filed brief.

BIA regulations provide that "[i]n its discretion, the Board may consider a brief that has been filed out of time."  8 C.F.R. § 1003.3(c)(1).  Thus, we review the BIA's decision not to consider a late-filed brief for abuse of discretion.  *See id.* The BIA abuses its discretion by acting arbitrarily or capriciously.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

We review constitutional challenges *de novo*.  *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003).  We have held that "there is no constitutionally protected right to discretionary relief."  *See Zafar v. Att'y Gen.*, 461 F.3d 1357, 1367 (11th Cir. 2006) (holding that immigration judges did not violate aliens' due process rights by not continuing their removal proceedings long enough for them to meet all necessary requirements for adjustment of status). Additionally, to show a denial of due process, an alien must establish that the asserted error caused substantial prejudice.  *Lonyem*, 352 F.3d at 1341-42.

Here, we cannot say that the BIA abused its discretion by refusing to grant Patel an extension to file her brief, or in failing to consider her brief, which was filed on March 26, 2014, past the February 21, 2014 deadline.  *See* 8 C.F.R.

§ 1003.3(c)(1). The BIA mailed a notice containing the briefing schedule to Patel, and in that notice informed her not only of the deadline for filing a brief, but also that her attorney's Notice of Appearance had been rejected because the accompanying form was incomplete. However, Patel and her attorney were clearly aware of the deadline for filing a brief as her attorney filed a request for an extension on February 18, 2014, three days prior to the February 21, 2014 briefing deadline. The BIA did not act arbitrarily or capriciously in denying Patel's request for an extension, or in failing to consider Patel's late-filed brief as she and her attorney were aware of the filing deadline, but nonetheless filed a late brief. *See Ali*, 443 F.3d at 808.

Second, the BIA did not violate Patel's right to due process. Considering an out-of-time brief is discretionary, and there is no constitutional right to discretionary relief. *See* 8 C.F.R. § 1003.3(c)(1); *Zafar*, 461 F.3d at 1367. Thus, the BIA did not violate Patel's right to due process by rejecting and failing to consider her brief, which was filed more than a month after the BIA declined to extend the briefing schedule, and likewise, more than a month after the deadline for filing her brief had passed. *See Zafar*, 461 F.3d at 1367. Based on the foregoing, we must DENY Patel's petition for review of the BIA's discretionary decision.

**PETITION DENIED.**

3